# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DONOVAN M. BURRIS,

        Petitioner,

    -vs-                                                                        Case No. 12-C-465

MICHAEL BAENEN,
Warden of Green Bay
Correctional Institution,

        Respondent.

## DECISION AND ORDER

The Petitioner, Donovan M. Burris ("Burris"), is currently in the custody of Respondent Michael Baenen ("Baenen") at the Green Bay Correctional Institution for his May 2, 2008, conviction by the Circuit Court for Milwaukee County, Wisconsin. Burris was convicted of first-degree reckless injury and possession of a firearm by felon. Burris is serving a 23-year sentence, consisting of 18 years of incarceration to be followed by 7 years of extended supervision.

Burris seeks leave to proceed *in forma pauperis*. This matter is also before the Court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts.

To authorize a litigant to proceed *in forma pauperis*, the Court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the

action; and second, whether the action is frivolous or malicious. 28 U.S.C. §§ 1915(a) and (e)(2). Burris, who is single and has no dependents, is not employed. He also does not own any tangible or intangible assets. Burris has demonstrated that he is unable to pay the $5.00 fee for filing an application for relief pursuant to § 2254.

Rule Four states that after preliminary consideration by a district court judge,

> [i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

A valid application for a writ of a habeas corpus must allege that the petitioner is in custody pursuant to a state court judgment in violation of the Constitution. 28 U.S.C. § 2254(a). Additionally, the application must not be granted unless the applicant has exhausted his available remedies in state court or there is no existing fair corrective process under state law to protect the rights of the petitioner. *See* 28 U.S.C. § 2254(b)(1).

Burris is in custody pursuant to the judgment he challenges. With respect to the exhaustion requirement, claims are exhausted when they have presented to the highest state court for a ruling on the merits or when no other state remedies exist. 28 U.S.C. § 2254(b)(1). Before a federal court may consider the merits of a petitioner's claims, the petitioner must give the state's highest court an opportunity to review each claim. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). In Wisconsin, this means that state prisoners who

wish to present their claims in federal court must first present the operative facts and controlling legal principles of those claims to the Wisconsin Court of Appeals and then to the Wisconsin Supreme Court. *Moore v. Casperson*, 345 F.3d 474, 486 (7th Cir. 2003). Based upon Burris' submissions, it appears that all available state remedies have been exhausted as to the ground for relief he has stated in his petition.

Burris maintains that the Wisconsin Supreme Court's conclusion regarding a supplemental jury instruction relied upon an unreasonable application of clearly established federal law under *Waddington v. Sarausad*, 555 U.S. 179 (2009) and *Boyde v. California*, 494 U.S. 370 (1990).

The ground raised by Burris presents an arguable constitutional violation which, if shown, would entitle him to federal habeas corpus relief. As such, Burris' motion for leave to proceed *in forma pauperis* is granted. Furthermore, summary dismissal under Rule 4 is inappropriate because it does not appear from the face of Burris' petition that his claim is plainly meritless. Baenen will, therefore, be required to file an answer to Burris's petition for a writ of habeas corpus.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Burris' motion for leave to proceed *in forma pauperis* (ECF No. 3) is **GRANTED;**

Baenen **MUST** file an answer to Burris' petition **on or before July 18, 2012**;

and

Such answer **MUST** comply with the requirements of Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts;

Dated at Milwaukee, Wisconsin, this 17th day of May, 2012.

**BY THE COURT**:

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**